McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN         3639-0
COURTNEY K. SUE-AKO    9803-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email:  minkin@m4law.com
       sue-ako@m4law.com

MARVIN S.C. DANG       2221
JASON M. OLIVER          7621
Law Offices of Marvin S.C. Dang, LLLC
P.O. Box 4109
Honolulu, Hawai'i  96812-4109
Telephone No.:  (808) 521-8521
Facsimile No.:  (808) 521-8522
Email:  dangm@aloha.net

Attorneys for Defendants
ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC, and
MIDLAND CREDIT MANAGEMENT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAT NGUYEN,<br><br>        Plaintiff,<br><br>  vs.<br><br>ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 13-00456 DKW BMK<br><br>DEFENDANTS ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING, LLC, AND MIDLAND CREDIT MANAGEMENT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF DAT NGUYEN'S MOTION FOR<br><br>*[Caption continued on next page]* |

302110.4

|  |  |
|---|---|
| ) | LEAVE TO FILE FIRST |
| ) | AMENDED COMPLAINT AND |
| ) | INCORPORATED |
| ) | MEMORANDUM OF LAW IN |
| ) | SUPPORT OF MOTION TO |
| ) | AMEND, FILED FEBRUARY 7, |
| ) | 2014; CERTIFICATE OF |
| ) | SERVICE |
| ) |  |
| ) | [Related to Docket No. 21] |
| ) |  |
| ) | Hearing Date:    April 8, 2014 |
| ) | Hearing Time:    11:30 a.m. |
| ) | Judge:    Mag. Barry M. Kurren |
| ) |  |
| ) | Trial:  January 5, 2015 |
| _____) | Judge:  Honorable Derek K. Watson |

302110.4

DEFENDANTS ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC, AND MIDLAND CREDIT
MANAGEMENT, INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF DAT NGUYEN'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO AMEND, FILED FEBRUARY 7, 2014

I.   INTRODUCTION

Plaintiff Dat Nguyen ("Plaintiff") seeks to amend his Complaint by including allegations that occurred more than a year ago, and which his counsel claims to not have been aware of until recently; as well as adding new claims supported by these allegations.[1] Because Plaintiff's proposed amendments are futile, and arise from separate transactions or occurrences than those originally plead in Plaintiff's Complaint, Plaintiff's Motion for Leave to File First Amended Complaint and Incorporated Memorandum of Law in Support of Motion to Amend ("Motion") should be denied.

II.   PLAINTIFF'S PROPOSED AMENDMENTS

Plaintiff seeks to amend his Complaint to include new factual allegations he was purportedly unaware of prior to filing his action against Encore Capital Group,

---

[1] Plaintiff himself offers no explanation as to why he did not include these allegations in his original Complaint. Plaintiff's counsel, meanwhile, improperly states that Plaintiff "confirmed" and "verified" the factual allegations in the Amended Complaint after counsel learned of these allegations upon his review of discovery materials. Declaration of Justin A. Brackett ("Brackett Decl.") at ¶¶ 4-5, 8-10. These portions of Plaintiff's counsel's Declaration are hearsay and should be disregarded. "Testifying about facts is the function of the witness, not of the lawyer." Kalina v. Fletcher, 522 U.S. 118, 130 (1997).

302110.4

Inc., Midland Funding, LLC, and Midland Credit Management, Inc. (collectively, "Midland"). Plaintiff also seeks to add a "fifth violation" of the federal Fair Debt Collection Practices Act ("FDCPA") to Count One, as well as an entirely new state law claim which Hawai'i does not recognize, "Count Three: Intrusions upon Plaintiff's Seclusion and Violations of His Right to Privacy."

Plaintiff's specific proposed amendments are as follows:

- <u>Alleged phone calls to third parties</u>.  Plaintiff alleges that Midland called third parties between September 2012 and October 2012. Amended Complaint at ¶¶ 83-94.  In the Motion, Plaintiff's counsel claims that he did not know of these alleged calls until he examined the documents Midland produced in discovery.  Motion at 1, ¶¶ 4-5; <u>see also</u> Declaration of Justin A. Brackett ("Brackett Decl.") at ¶¶ 4-5. There is nothing to establish whether Plaintiff was aware of these alleged phone calls before his counsel's purported discovery of them. In his proposed Amended Complaint, Plaintiff also claims that this "disclosure" to third parties "caused and continues to cause [Plaintiff] severe emotional distress, embarrassment and shame."  Amended Complaint at ¶ 163.

- <u>New claim and new "fifth violation" of the FDCPA</u>.  Plaintiff seeks to add a "Fifth Violation of the Fair Debt Collection Practices Act: The Unauthorized Contact by Defendant of Third Parties" to "Count One: Violations of the Fair Debt Collection Practices Act," Amended Complaint at ¶¶ 151-65; and to include a new claim, "Count Three: Intrusions upon Plaintiff's Seclusion and Violations of His Right to Privacy." Amended Complaint at ¶¶ 195-97.  Both additions are based upon the purportedly newly discovered calls made to third parties, as described immediately above.

- <u>Plaintiff has "sustained actual damages as a result of" Midland's "conduct."</u>  Plaintiff seeks to append this allegation to each alleged violation of "Count Two: Violations of the Hawai'i Revised Statutes, Unfair or Deceptive Acts or Practices."  No facts demonstrating actual

damages are pled in support of this conclusion, however. Amended Complaint at ¶¶ 169, 178, 185, 194.

- "Additional interest and/or fees." Plaintiff claims that Midland charged "additional interest and/or fees to the underlying account," and bases this allegation on a "report" produced by Midland in discovery. Amended Complaint at ¶¶ 79-87 ("Defendant's Recreated Powertel/Memphis Statement of Account History") and ¶¶ 131-133 (adding, under "Third Violation of the Fair Debt Collection Practices Act: False or Misleading Representations," the claim that Midland included a "vaguely asserted" "early termination fee or a collection charge" of $200.00). Plaintiff additionally adds further references to interest and/or fees at paragraph 140 of his Amended Complaint.

Three collection letters. Plaintiff seeks to add three additional collection letters. Amended Complaint at ¶¶ 42-51 ("October 18, 2012 Collection Letter"); ¶¶ 61-69 ("January 17, 2013 Collection Letter"); and ¶¶ 70-78 ("February 27, 2013 Collection Letter"). With the exception of the February 27, 2013 Collection Letter, these letters are dated more than a year before Plaintiff filed his Motion on February 7, 2014.

Plaintiff also includes paragraph breaks. Midland takes no position as to the paragraph breaks, but addresses all other proposed amendments below.

III. DISCUSSION

Plaintiff's Motion is governed by Federal Rules of Civil Procedure ("FRCP") Rule 15(a)(2). Because Plaintiff's proposed Amended Complaint introduces allegations that should be barred by the one-year statute of limitations for FDCPA violations, Plaintiff must also demonstrate that the allegations "relate back" to the original Complaint, as required by FRCP Rule 15(c).

Under FRCP Rule 15(a)(2), the court "should freely give leave" to amend a pleading "when justice so requires." However, "[l]eave need not be granted where

the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989). "Prejudice is especially likely to exist if the amendment involves new theories of recovery or would require additional discovery." 3 James Wm. Moore et al., Moore's Federal Practice § 15.15[2] (Matthew Bender 3d Ed.). Additionally, "[a]n amendment is futile if it . . . fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice § 15.15[3]. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

FRCP Rule 15(c) "governs when an amended pleading 'relates back' to the date of timely filed original pleading and is thus itself timely even though it was filed outside of an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 538 (2010); see also Mayle v. Felix, 545 U.S. 644, 655-658 (2005) ("Amendments made after the statute of limitations has run relate back to the date of the original pleading" if the requirements of FRCP Rule 15(c)(2) are met; FRCP Rule 15(c)(2) "relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.").

Under FRCP Rule 15(c)(1), the amendment "relates back" to the date of the <u>original</u> pleading when the law that provides the statute of limitations allows relation back; <u>or</u> the amendment "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FRCP Rule 15(c).

FDCPA violations—and this Court's jurisdiction over such claims—are subject to a one-year statute of limitations period that begins from "the date on which the violation occurs." 15 U.S.C. § 1692k(d). The FDCPA does not provide for relation back, and Plaintiff seeks to amend his Complaint outside of the one-year statute of limitations period. Therefore, Plaintiff's amendments should be barred due to the running of the statute of limitations, <u>unless</u> this Court finds that they "relate back" to the original pleading.

    A.    <u>Plaintiff's Amendments Alleging Phone Calls Made to Third Parties Are Futile and Prejudicial, and Are Improperly Used to Allege a New FDCPA "Violation" That Should Be Time-Barred, As Well As a State Law Claim That Does Not Exist in Hawai'i.</u>

Plaintiff also seeks to add new claims and factual allegations based on phone calls made to other individuals. These calls allegedly occurred between late September and early October 2012, which places them well outside of the one-year statute of limitations period for FDCPA violations. Plaintiff offers no statement or declaration of his own, and it is unknown why he did not include these allegations in his original Complaint, or if he was in contact with his mother, brother, and ex-

girlfriend when the calls allegedly occurred.  Plaintiff's counsel, meanwhile, declares that he personally was not aware of these calls until he reviewed Midland's documents produced in discovery, and, as noted in footnote 1 above, improperly declares that Plaintiff "confirmed" and "verified" the additional factual allegations in the Amended Complaint afterwards.  Brackett Decl. at ¶¶ 4-5, 8-10.  Plaintiff also alleges that he suffered "severe emotional distress, embarrassment and shame" as a result of these calls, but offers nothing in support of his allegation.

> 1. <u>The phone calls do not relate back to Plaintiff's original Complaint; accordingly, the "fifth violation" of the FDCPA based on the phone calls is time-barred</u>.

The alleged phone calls to third parties do not relate back to the original pleading.  FRCP Rule 15(c)(1)(B) establishes that an amendment "relates back" to the original pleading when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  "Claims arise out of the same conduct, transaction or occurrence if they 'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim."  <u>Williams v. Boeing Co.</u>, 517 F.3d 1120, 1133 (9th Cir. 2008) (quotes in original).

Here, the alleged phone calls consist of an entirely new set of factual allegations that will require Plaintiff to rely on evidence different from the claims contained in the original Complaint.  Much like <u>Williams</u>, in which the Ninth

302110.4                                    6

Circuit affirmed denial of leave to amend where the plaintiff would have had to include additional facts to support a new claim, Plaintiff here must include new facts consisting of phone calls to third parties in order to support an additional "fifth violation" of the FDCPA, as well as a new claim.  As such, the Complaint and the Amended Complaint do not share a common core of operative fact.  As Plaintiff essentially seeks to add "a new legal theory depending on different facts, not a new legal theory depending on the same facts," Plaintiff's "fifth violation" of the FDCPA—as well as Plaintiff's "Intrusion upon Plaintiff's Seclusion and Violations of His Right to Privacy" claim—do not satisfy the "relation back" requirements set forth under FRCP Rule 15(c)(1)(B).  Williams, 517 F.3d at 1133.  Accordingly, Plaintiff's proposed "fifth violation" of the FDCPA is barred by the one-year statute of limitations at 15 U.S.C. sec. 1692k(d).

> 2. Plaintiff's proposed new claim, "Count Three:  Intrusions upon Plaintiff's Seclusion and Violations of His Right to Privacy," is futile because Hawai'i does not recognize such a claim.

"Intrusions upon Plaintiff's Seclusion and Violations of His Right of Privacy" is a state law claim.  Hawai'i, however, does not recognize this claim.

Hawai'i has only one case addressing common law "invasion of the right of privacy."  In Fergerstrom v. Hawaiian Ocean View Estates, 50 Haw. 374, 441 P.2d 141 (1968), a developer took photos of the plaintiff's house and published the house and the plaintiff's name in its sales brochures, advertisements, and television

commercials without the plaintiff's permission.  Fergerstrom, 50 Haw. at 374, 441 P.2d at 141.  Although the Hawai'i supreme court recognized common law tortious invasion of privacy, it explicitly declined to extend the tort's boundaries beyond the facts present in Fergerstrom.  See id. at 378, 441 P.2d at 144 ("We go no further than to indicate that protection [for invasion of the right of privacy] is available for appropriation of name or picture for commercial purposes.  We do not now decide whether other aspects commonly included under a general right of privacy will receive similar protection.  These issues remain to be decided in subsequent cases raising them, preferably after a trial on the merits.").  As those facts are not present here, there is no state law recognition of Plaintiff's proposed new claim.

This Court lacks jurisdiction to hear Plaintiff's new claim.  Accordingly, Plaintiff's amendment would be futile and would not survive a motion to dismiss, and Plaintiff should not be allowed to amend his Complaint to add this claim.

      3.    <u>Plaintiff has not established that he suffered "emotional distress, embarrassment and shame" as a result of the alleged third-party phone calls</u>.

Plaintiff also alleges that the calls to third parties "caused and continues to cause [Plaintiff] severe emotional distress, embarrassment and shame."  Amended Complaint at ¶ 163.  This allegation is pled as part of Plaintiff's new "fifth

violation" of the FDCPA. Plaintiff's allegation is improper, futile, prejudicial to Midland, and does not relate back to the original Complaint.

Plaintiff's counsel claims he was unaware of these alleged phone calls until he received and reviewed Midland's discovery materials, and declares that Plaintiff was also unaware of these calls until after Plaintiff's counsel reviewed the discovery materials. Brackett Decl. at ¶¶ 4-5, 8-10. If Plaintiff only learned of the calls after his counsel learned of them, then Plaintiff could not have suffered any "severe emotional distress, embarrassment and shame" until his counsel informed him of the existence of those calls. In that case, even if the phone calls occurred as alleged, any "emotional distress, embarrassment and shame" would have been caused by Plaintiff's counsel's disclosure of those alleged phone calls to Plaintiff, not by the calls themselves. As "communications to a debtor's attorney are not actionable" under the FDCPA, any "emotional distress, embarrassment and shame" suffered by Plaintiff due to Midland's discovery communications to Plaintiff's counsel is not actionable as a FDCPA violation. Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 936 (9th Cir. 2007).

Plaintiff has also stated a mere legal conclusion, and has not pled any facts demonstrating that he suffered "emotional distress, embarrassment and shame" such that his allegation would survive a motion to dismiss. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions," and "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff has failed to plead something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and his allegation will not survive a motion to dismiss.  Iqbal, 556 U.S. at 678.

Finally, Plaintiff's amendments regarding alleged phone calls to third parties, as well as the new claims dependent upon these new factual allegations, serve no purpose other than creating undue prejudice to Midland.  Further prejudice will be created if Plaintiff's Motion is granted with respect to the third-party calls because Midland will be required to conduct discovery on these individuals, who are all located out-of-state on the mainland.

For the reasons set forth above, Plaintiff should not be allowed to amend his Complaint to allege new factual allegations that are time-barred by the FDCPA; to claim a time-barred "fifth violation" of the FDCPA; or to plead a new state law claim that relies on a new set of facts, and which is not a recognized claim in the forum state.

    B.    <u>Plaintiff's Alleged "Actual Damages" Are Unsupported, Vague, and Futile</u>.

Plaintiff additionally claims that he "sustained actual damages as a result of" Midland's "conduct."  He appends this allegation four times, each at the end of the

four alleged "violations" of "Count Two: Violations of the Hawai'i Revised Statutes, Unfair or Deceptive Acts or Practices." Amended Complaint at ¶¶ 169, 178, 185, 194. Thus, he claims that he suffered "actual damages" as a result of Midland's alleged "failure to provide requisite disclosures in its subsequent attempts to collect a debt," and as a result of "false or misleading representations" contained in collection letters. Plaintiff does not otherwise demonstrate how these alleged acts led to an injury suffered by him.

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555 (internal quotations omitted). Here, Plaintiff has again offered only a mere conclusion that he has suffered "actual damages," which would not be entitled to the presumption of truth on a motion to dismiss. Iqbal, 556 U.S. at 678. Additionally, there are no facts pled in his Amended Complaint that demonstrate that, if taken as true, Plaintiff suffered plausible "actual damages" as a result of Midland's "actions." As a result, Plaintiff's proposed amendments claiming "actual damages" are legally deficient and would not survive a motion to dismiss. 3 Moore's Federal Practice § 15.15[3].

    C.    <u>Plaintiff's Amendments Alleging "Additional Interest and/or Fees" Are Futile</u>.

Plaintiff's amendments regarding "additional interest and/or fees," based on proposed Exhibit "F" to Plaintiff's First Amended Complaint, are futile. According to Plaintiff's own proposed amendment, however, this "report" only "bear[s] <u>some</u> details of the history of [Plaintiff's] account." Amended Complaint at ¶ 79 (emphasis added).

Plaintiff's own Exhibit demonstrates the futility of his amendments. Plaintiff utilizes a misleading omission to assert that his Exhibit "F" "acknowledges that it was a report recreated by Defendant Midland Credit." Amended Complaint at ¶ 80. The full sentence in Exhibit "F" goes on to establish that the record was produced to Midland by a different company, Powertel/Memphis. <u>Compare</u> Amended Complaint at ¶ 80 ("Data printed by Midland Credit Management, Inc. …" (omission in original)) <u>to</u> Amended Complaint at attached Exhibit "F" (full sentence reads "Data printed by Midland Credit Management, Inc. <u>from electronic records created, maintained, and provided by Powertel/Memphis</u>." (emphasis added)). Amendments regarding "additional interest and/or fees" would not survive a motion to dismiss, because the "report" at Exhibit "F" establishes that Powertel/Memphis is the source of information contained in the "report," <u>not</u> Midland. If the "report" contains information that is a FDCPA violation, then any such violation is not attributable to Midland.

Although Midland cannot speak for Powertel/Memphis, it certainly has the right to recover losses that were the "natural and probable result of the breach of a contract[.]"  Seeger v. AFNI, Inc., 548 F.3d 1107, 1111 (11th Cir. 2008).

Based on the foregoing, Plaintiff's proposed amendments alleging "additional interest and/or fees" should not be allowed as they are futile, legally insufficient, and would not withstand a motion to dismiss.

D.  Plaintiff's Amendments Regarding Collection Letters Dated October 18, 2012; January 17, 2013; and February 27, 2013.

Plaintiff also seeks to add factual allegations regarding three "collection letters" dated October 18, 2012; January 17, 2013; and February 27, 2013.  With the exception of the February 27, 2013 collection letter, these letters are outside of the one-year statute of limitations for FDCPA violations.

Midland takes no position with regard to amending the Complaint to allow reference to the three collection letters, other than to state that the dates on these letters indicates that reasonable diligence should have brought them to Plaintiff's and Plaintiff's counsel's attentions before they filed a complaint.  Moreover, Midland notes that the FDCPA clearly limits recovery for additional damages to $1,000.00 per proceeding.  15 U.S.C. § 1692k(a)(2)(A); see also Wright v. Finance Serv., 22 F.3d 647, 651 (6th Cir. 1994) (noting that the terms of 15 U.S.C. sec. 1692k(a)(2)(A) indicate that the plaintiff's recovery for additional damages "is limited to $1,000 'per proceeding' rather than 'per violation.'").  If these letters are

302110.4                                          13

found to be a violation of the FDCPA attributable to Midland, then Plaintiff cannot use them to recover additional statutory damages against Midland.

IV. CONCLUSION

For all the foregoing reasons, Midland respectfully requests that this Honorable Court deny Plaintiff's Motion.

DATED: Honolulu, Hawai'i, March 18, 2014.

/s/ David J. Minkin
DAVID J. MINKIN
COURTNEY K. SUE-AKO

Attorneys for Defendants
ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC, and
MIDLAND CREDIT MANAGEMENT,
INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAT NGUYEN, | ) | CIVIL NO. 13-00456 DKW BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| ENCORE CAPITAL GROUP, INC., | ) | |
| MIDLAND FUNDING, LLC, and | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing document was duly served upon the following persons either by electronic court filing (ECF), hand delivery (HD) or by mailing said copy, postage prepaid, first class, in a United States post office at Honoluluʻi Hawaiʻi (M), in the manner indicated, addressed as set forth below:

302437.1

**Served Electronically through CM/ECF:**

RICHARD L. HOLCOMB, ESQ.    rholcomblaw@live.com
BRIAN J. BRAZIER, ESQ.    brianbrazier@gmail.com
  Attorneys for Plaintiff

DATED:  Honolulu, Hawaiʻi, March 18, 2014.


       /s/ David J. Minkin
       DAVID J. MINKIN
       COURTNEY K. SUE-AKO

       Attorneys for Defendants
       ENCORE CAPITAL GROUP, INC.,
       MIDLAND FUNDING, LLC, and
       MIDLAND CREDIT MANAGEMENT,
       INC.