RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9954)
BRIAN J BRAZIER (HI Bar No. 9343) (Of Counsel)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Dat Nguyen, | ) |
| | ) CASE NO. 1:13-CV-00456-DKW-BMK |
| Plaintiff, | ) |
| vs. | ) AMENDED COMPLAINT FOR DAMAGES |
| | ) DECLARATORY AND INJUNCTIVE |
| Encore Capital Group, Inc., Midland | ) RELIEF, EXHIBITS A-F, CERTIFICATE OF |
| Funding, LLC, and Midland Credit | ) SERVICE |
| Management, Inc. | ) |
| | ) |
| Defendants. | ) JURY TRIAL REQUESTED |
| _____ | ) |

## AMENDED COMPLAINT

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 when applying 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1367 (supplemental jurisdiction) when applying Sections 443B-

18, 19, and 20 of the Hawaii Revised Statutes.

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.  This is also an action for damages against the Defendants for unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Sections 443B-18, 19, and 20 of the Hawaii Revised Statutes.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.      Plaintiff Dat Nguyen (hereinafter "Plaintiff" or "Mr. Nguyen") is a natural person who resides in Honolulu County, Hawai'i, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "Debtor" as that term is defined by Haw. Rev. Stat. § 443B-1.

5.      Defendant Encore Capital Group, Inc. (hereinafter "Defendant Encore") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Haw. Rev. Stat. § 443B-1, and a for-profit corporation organized in Delaware, who maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent for service of process and has its corporate headquarters at 3111 Camino Del Rio North, Suite 1300 San Diego, CA 92108.

6.      Defendant Midland Credit Management, Inc. (hereinafter "Defendant Midland Credit") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Haw. Rev. Stat. § 443B-1, a for-profit corporation organized in Kansas that is a wholly owned subsidiary of Defendant Encore, who maintains Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611, as its registered agent for service of process

2

7.     Defendant Midland Funding, LLC (hereinafter "Defendant Midland Funding") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Haw. Rev. Stat. § 443B-1, and may be served through its agent for service of process in Hawai'i as follows:  CSC Services of Hawai'i, Inc., 1600 Pauahi Tower, 1003 Bishop Street, Honolulu, HI  96813.

8.     Other defendants may be discovered in the course of litigation, and Mr. Nguyen respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9.     Defendants Encore, Midland Funding and Midland Credit (hereinafter collectively the "Defendants") operate as a debt buying enterprise.  Defendant Encore is not simply a parent holding company, though it owns 100% of the shares and interests in Defendants Midland Credit and Midland Funding.  Instead, all three corporate Defendants operate as parts of a single business operation.   Defendant Encore provides management and decision-making.  Defendant Midland Funding exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios.  Defendant Midland Credit operates as the front for contact with the targeted debtor-consumer, calling itself the "servicer" of the Defendants' collection accounts.

10.     Defendant Encore does not operate independent of Defendants Midland Credit and Midland Funding. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Encore family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

11.     Defendants use mail in their businesses.

12.     Defendants use telephone communications in their businesses.

13.     The primary purpose of Defendants' businesses is the collection of debts.

14.     Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

15.     Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act and the Hawai'i Revised Statutes.

16.     Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 443B-1, more specifically, a cellular telephone bill allegedly originally owed to or serviced by T-Mobile, in the amount of $361.30.

17.     Sometime prior to September 7, 2012, Plaintiff's debt was assigned or transferred to Defendants for collection from Plaintiff.

18.     Upon information and belief, Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

19.     Mr. Nguyen asserts that he owes no money on the underlying T-Mobile account.

20.     Mr. Nguyen asserts that he never incurred the charges demanded by Defendants.  Instead, he cancelled his T-Mobile account at a Ft. Knox, Kentucky T-Mobile retail store immediately prior to being deployed overseas for active military service in 2008.

21.     Pursuant to the Servicemembers Civil Relief Act (SCRA) §535(a) a servicemember may terminate a contract at any time after the date the servicemember receives military orders to relocate for a period of not less than 90 days to a location that does not support the contract.  Mr. Nguyen received such orders and appropriately availed himself of his right to terminate the contract.

4

22.   Pursuant to T-Mobile USA's corporate policy that was in effect at the time Mr. Nguyen cancelled his account in 2008, it agreed to suspend accounts for up to eighteen months for military servicemembers for free.  If the military servicemember were deployed for longer than eighteen months they could cancel their service and the early termination fee would be waived.

23.   Mr. Nguyen cancelled his account in 2008 and was deployed for more than eighteen months thereafter.

24.   Upon cancellation of the contract, Mr. Nguyen was assured by the Ft. Knox, Kentucky T-Mobile representative that the account was closed and there was no balance due.

25.   Mr. Nguyen subsequently served his country overseas, and upon his return to the United States he started receiving collection letters and calls in regards to this T-Mobile account.

26.   At all times Mr. Nguyen has explained his position and disputed the validity of the debt. In spite of this fact, and without ever checking records regarding the validity or amount of the debt, Defendants have continued in their collection efforts against Mr. Nguyen.

27.   Defendants failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA during the collection of the alleged debt.

28.   When purchasing charged-off consumer debts, Defendants make an intentional business decision not to obtain knowledge as to whether a written contract existed between the original creditor of the debt and the consumer, or if there was other documentation showing when or how the debt was incurred, or anything beyond very rudimentary information (i.e., the consumer's name, last known address, telephone number, social security number, amount due, name of original creditor, original account number, and current owner of the debt).

29.     Defendants' collection of this account has detrimentally effected Mr. Nguyen in many ways, including keeping him from being able to obtain financing for the purchase of a home.

### *September 7, 2012 Collection Letter*

30.     Within a year prior to the filing of this Complaint Mr. Nguyen received a collection letter from Defendants dated September 7, 2012.  Said letter is attached hereto as Exhibit A.

31.     The September 7, 2012 collection letter from Defendant Midland Credit was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32.     As previously explained, Defendants did not possess any requisite documents to prove their ownership of or the correct balance due as of the date they mailed the collection letter to Mr. Nguyen.

33.     Instead, when Defendants purchased this account, all they received was the afore-mentioned limited information about Mr. Nguyen and the debt, which was transmitted electronically as part of a spreadsheet.

34.     Despite the fact that they had no evidence showing that Mr. Nguyen owed the amount of debt they were alleging he owed, and prior to making a reasonable and adequate investigation as to whether Plaintiff owed the amount of debt they were alleging he owed, Defendants commenced collection efforts.

35.     The September 7, 2012 collection letter stated:

        **Current Balance**: $361.30

        **Payment Due Date**: 10-07-2012

        **Original Creditor**: T-Mobile

**Original Account No.**: 508096613

**Current Owner**: Midland Funding LLC

**MCM Account No.**: 8551879394

(See Exhibit A).

36.     The September 7, 2012 collection letter further stated, "Please make your check/money order payable to Midland Credit Management." (See Exhibit A).

37.     Additionally, the September 7, 2012 letter asserts:

> Your credit report can help you reach your goals – or it can hold you back. Your past due balance of $361.30 with T-Mobile is being reported to the credit reporting bureaus and remains a negative item on your credit report.

(See Exhibit A).

38.     The September 7, 2012 collection letter also stated that:  "Your credit report will be updated with each payment made and once you've completed your agreed-upon payments to settle the account, your credit report will be updated as 'Paid in Full'!." (see Exhibit A).

39.     The September 7, 2012 collection letter further stated:  "We will stop applying interest to your account as soon as you make the first payment."

40.     Defendant Midland Credit's September 7, 2012 collection letter contains the following statements in pertinent part:

> As of the date of this letter you owe the amount listed in this letter as Current Balance.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

(See Exhibit A).

41.     Defendant Midland Credit's September 7, 2012 collection letter is signed by "H. Torres, Division Manager." (See Exhibit A).

*October 18, 2012 Collection Letter*

42.　Within a year prior to the filing of this Complaint Defendants sent another collection letter to Mr. Nguyen dated October 18, 2012.  Said letter is attached hereto as Exhibit B.

43.　The October 18, 2012 collection letter from Defendant Midland Credit was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

44.　Despite the fact that they had no evidence showing that Mr. Nguyen owed the amount of debt they were alleging he owed, and prior to making a reasonable and adequate investigation as to whether Plaintiff owed the amount of debt they were alleging he owed, Defendants commenced collection efforts.

45.　The October 18, 2012 collection letter stated:

**Current Balance**: $361.30

**Payment Due Date**: 11-17-2012

**Original Creditor**: T-Mobile

**Original Account No.**: 508096613

**Current Owner**: Midland Funding LLC

**MCM Account No.**: 8551879394

(See Exhibit B).

46.　The October 18, 2012 collection letter further stated, "Please make your check/money order payable to Midland Credit Management." (See Exhibit B).

47.　Additionally, the October 18, 2012 letter asserts:

Your credit report can help you reach your goals – or it can hold you back. Your past due balance of $361.30 with T-Mobile is being reported to the credit reporting bureaus and remains a negative item on your credit report.

(See Exhibit B).

48.     The October 18, 2012 collection letter also stated that:  "Your credit report will be updated with each payment made and once you've completed your agreed-upon payments to settle the account, your credit report will be updated as 'Paid in Full'!." (see Exhibit B).

49.     The October 18, 2012 collection letter further stated:  "We will stop applying interest to your account as soon as you make the first payment."

50.     Defendant Midland Credit's October 18, 2012 collection letter contains the following statements in pertinent part:

> As of the date of this letter you owe the amount listed in this letter as Current Balance.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

(See Exhibit B).

51.     Defendant Midland Credit's October 18, 2012 collection letter is signed by "H. Torres, Division Manager." (See Exhibit B).

### *December 7, 2012 Collection Letter*

52.     Within a year prior to the filing of this Complaint, on or about December 7, 2012, Defendant Midland Credit sent another collection letter dated December 7, 2012 to Mr. Nguyen. Said letter is attached hereto as Exhibit C.

53.     The December 7, 2012 collection letter from Defendant Midland Credit was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

54.     The December 7, 2012 collection letter stated:

**Current Balance**: $361.30

**Payment Due Date**: 01-06-2013

**Original Creditor**: T-Mobile

**Original Account No.**: 508096613

**Current Owner**: Midland Funding LLC

**MCM Account No.**: 8551879394

(See Exhibit C).

55.   The December 7, 2012 collection letter further stated, "Please make your check/money order payable to Midland Credit Management." (See Exhibit C).

56.   Additionally, the December 7, 2012 letter asserts:

> Your credit report can help you reach your goals – or it can hold you back. Your past due balance of $361.30 with T-Mobile is being reported to the credit reporting bureaus and remains a negative item on your credit report.

(See Exhibit C).

57.   The December 7, 2012 collection letter also stated that: "Your credit report will be updated with each payment made and once you've completed your agreed-upon payments to settle the account, your credit report will be updated as 'Paid in Full'!." (See Exhibit C).

58.   The December 7, 2012 collection letter further stated: "We will stop applying interest to your account as soon as you make the first payment." (See Exhibit C).

59.   Defendant Midland Credit's December 7, 2012 collection letter contains the following statements in pertinent part:

> As of the date of this letter you owe the amount listed in this letter as Current Balance.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

(See Exhibit C).

60.   Defendant Midland Credit's December 7, 2012 collection letter is signed by "H. Torres, Division Manager." (See Exhibit C).

*January 17, 2013 Collection Letter*

61.    Within a year prior to the filing of this Complaint, on or about January 17, 2013, Defendant Midland Credit sent another collection letter dated January 17, 2013 to Mr. Nguyen. Said letter is attached hereto as Exhibit D.

62.    The January 17, 2013 collection letter from Defendant Midland Credit was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

63.    The January 17, 2013 collection letter stated:

> **Current Balance**: $361.30
>
> **Payment Due Date**: 02-16-2013
>
> **Original Creditor**: T-Mobile
>
> **Original Account No.**: 508096613
>
> **Current Owner**: Midland Funding LLC
>
> **MCM Account No.**: 8551879394

(See Exhibit D).

64.    The January 17, 2013 collection letter further stated, "Please make your check/money order payable to Midland Credit Management." (See Exhibit D).

65.    Additionally, the January 17, 2013 letter asserts:

> Your credit report can help you reach your goals – or it can hold you back. Your past due balance of $361.30 with T-Mobile is being reported to the credit reporting bureaus and remains a negative item on your credit report.

(See Exhibit D).

66. The January 17, 2013 collection letter also stated that:  "Your credit report will be updated
with each payment made and once you've completed your agreed-upon payments to settle
the account, your credit report will be updated as 'Paid in Full'!." (See Exhibit D).

67. The January 17, 2013 collection letter further stated:  "We will stop applying interest to your
account as soon as you make the first payment." (See Exhibit D).

68. Defendant Midland Credit's January 17, 2013 collection letter contains the following
statements in pertinent part:

> As of the date of this letter you owe the amount listed in this letter as
> Current Balance.  Because of interest, late charges, and other charges that
> may vary from day to day, the amount due on the day you pay may be
> greater.

(See Exhibit D).

69. Defendant Midland Credit's January 17, 2013 collection letter is again signed by "H.
Torres, Division Manager." (See Exhibit D).

### February 27, 2013 Collection Letter

70. Within a year prior to the filing of this Complaint, on or about February 27, 2013,
Defendant Midland Credit sent another collection letter dated February 27, 2013 to Mr.
Nguyen. Said letter is attached hereto as Exhibit E.

71. The February 27, 2013 collection letter from Defendant Midland Credit was a
"communication" made in connection with collection of a debt and in an attempt to collect a
debt as that term is defined by 15 U.S.C. § 1692a(2).

72. The February 27, 2013 collection letter stated:

**Current Balance**: $361.30

**Payment Due Date**: 03-29-2013

**Original Creditor**: T-Mobile

**Original Account No.**: 508096613

**Current Owner**: Midland Funding LLC

**MCM Account No.**: 8551879394

(See Exhibit E).

73.     The February 27, 2013 collection letter further stated, "Please make your check/money order payable to Midland Credit Management." (See Exhibit E).

74.     Additionally, the February 27, 2013 letter asserts:

> Your credit report can help you reach your goals – or it can hold you back. Your past due balance of $361.30 with T-Mobile is being reported to the credit reporting bureaus and remains a negative item on your credit report.

(See Exhibit E).

75.     The February 27, 2013 collection letter also stated that: "Your credit report will be updated with each payment made and once you've completed your agreed-upon payments to settle the account, your credit report will be updated as 'Paid in Full'!." (See Exhibit E).

76.     The February 27, 2013 collection letter further stated: "We will stop applying interest to your account as soon as you make the first payment." (See Exhibit E).

77.     Defendant Midland Credit's February 27, 2013 collection letter contains the following statements in pertinent part:

> As of the date of this letter you owe the amount listed in this letter as Current Balance. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater.

(See Exhibit E).

78.     Defendant Midland Credit's February 27, 2013 collection letter is again signed by "H. Torres, Division Manager." (See Exhibit E).

***Defendant's Recreated Powertel/Memphis Statement of Account History***

79.     In response to Mr. Nguyen's initial discovery requests, Defendants produced a report bearing some details of the history of the account. Said statement is attached hereto as Exhibit F.

80.     The report acknowledges that it was a report recreated by Defendant Midland Credit through its statement: "Data printed by Midland Credit Management, Inc…." (See Exhibit F).

81.     The report asserts that the past due amount is $161.30. (See Exhibit F).

82.     The report admits to "ONE TIME CHARGES (EXAMPLE: EARLY TERMINATION **OR** COLLECTION FEES): $200.00." (See Exhibit F, emphasis in original).

***Collection Calls***

83.     Defendants attempted to contact various third parties on several occasions in an attempt to collect the debt.

84.     These calls from Defendants were  "communications" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

85.     The calls were made to Mr. Nguyen's brother's phone, his ex-girlfriend's phone, occupants of his previous residence, and at least four other unknown individuals.  None of these people are a party to the underlying account.

86.     None of these third parties' telephone numbers were listed on the original contract.

87.     Defendants called Mr. Nguyen's brother, Huy Do, at least twenty-four different times from September 30, 2012 to October 9, 2012.

***Collection Communications with Mr. Nguyen's Mother***

88.     Defendants spoke with Mr. Nguyen's mother, Therese Luong, on at least two occasions

in late September, 2012 and/or early October, 2012.

89.   These calls from Defendants were  "communications" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

90.   Ms. Luong was living with Mr. Nguyen's brother at the time and she received the call at his residence.

91.   Ms. Luong explained to Defendants in the first communication with Defendants that her son, Mr. Nguyen, was overseas.

92.   In spite of Ms. Luong's statements that Mr. Nguyen was overseas, they continued to call her numerous more times.

93.   Ms. Luong spoke with Defendants a second time in late September, 2012 and/or early October, 2012.

94.   In the second communication with Defendants, Ms. Luong reiterated that she was not Dat Nguyen and that he was overseas.

*March 14, 2013 Dispute Letter*

95.   Mr. Nguyen's legal representative at the Department of the Army's Legal Assistance Office sent a letter to Defendants in March, 2013 disputing the debt and demanding strict proof thereof. (See attached Exhibit C).

96.   Defendants never responded to Mr. Nguyen's March, 2013 dispute.

97.   Defendants alleged in their collection letters that Defendant Midland Funding is the assignee of T-Mobile and the amount due was $361.30, but have provided no evidence before, or since the request from Mr. Nguyen's legal representative that would support the truthfulness of these allegation.

98.     In spite of Mr. Nguyen's representation by counsel, and letter of dispute from his counsel, Defendants continue to report a balance of $361 as being owed on Mr. Nguyen's credit reports. (See Exhibit D).

99.     Prior to Defendants commencing collection efforts against Mr. Nguyen, they failed to obtain any supporting documentation of the debt, including, but not limited to: (a) the alleged underlying contract between T-Mobile and Mr. Nguyen; (b) anything bearing Mr. Nguyen's signature; (c) any documentation regarding what charges Mr. Nguyen incurred or when he incurred the charges; (d) monthly billing statements; (e) a payment history; (f) documents showing how the amount of the alleged debt was calculated; or (g) any information which informs or shows them which portion of the alleged debt is principal and which portion is interest.

100.    Mr. Nguyen applied for a home loan and was denied a favorable rate of interest due to the collection efforts of Defendants in their reporting of the unverified information to the credit reporting bureaus.

101.    Mr. Nguyen has suffered a great deal of stress, humiliation, temporal and monetary loss due to the collection actions of Defendants.

### *May 13, 2013 Teleconference*

102.    On, or about, May 13, 2013, Mr. Nguyen called Defendant Midland Credit to further dispute the debt and seek to have it removed from his credit reports.

103.    Mr. Nguyen spoke with Defendant Midland Credit's representative Carlos Collins when he called Defendant Midland Credit.

104.    Representative Collins acknowledged that Defendants had received Mr. Nguyen's March, 2013 dispute letter and that he was represented by counsel.

105.   Representative Collins went on to advise Mr. Nguyen to "remove" the dispute letter and call him back to discuss payment of the account at the telephone number of 1-800-265-8825 and extension 35012.

106.   Representative Collins further explained that the debt was transferred to Defendants on September 17, 2010 and the account balance was $361.30.

107.   Representative Collins did not identify himself as a debt collector.

## CAUSES OF ACTION

### *COUNT ONE: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO INCLUDE REQUIRED DISCLOSURES IN ITS COMMUNICATIONS

108.   The acts of Defendants constitute violations of the FDCPA.  Violations by Defendants of the FDCPA include, but are not limited to, the following:  A debt collector must disclose in each and every subsequent communication that the communication is from a debt collector.  The failure to make this disclosure is a violation of 15 U.S.C. § 1692e(11).

109.   Defendants' representative spoke with Mr. Nguyen telephonically on May 13, 2013. During this communication, Representative Collins failed to disclose that he was a debt collector, which is required by 15 U.S.C. § 1692e(11).

110.   When Defendants' representative communicated with Mr. Nguyen, it violated 15 U.S.C. § 1692e(11) by willfully omitting that he was a debt collector.

111.   Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA failed to provide the required disclosures.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

112.   The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

113.   As explained above, Mr. Nguyen properly closed his T-Mobile account and did not owe any money in reference to it.  Thus, the balance of the account is $0.00.

114.   The letters from Defendants demand illegitimate amounts from Mr. Nguyen and he is confused as to how Defendants calculated said amounts and what authority they have to demand any money from him.

115.   Mr. Nguyen is confused as to how terms of his T-Mobile account included interest, late charges or any other charges that may vary from day to day.

116.   By demanding "other charges" that "may vary from day to day", Defendants have intentionally confused Mr. Nguyen as to what amount he owes on the alleged account. (See attached Exhibits A, B, C, D & E).

117.   By asserting that the underlying account is accruing "interest, late charges, and other charges that may vary from day to day" and that Defendants "will stop applying interest to your account as soon as you make the first payment", Defendants have confused Mr. Nguyen as to what amount of money he owes on this account. (See Exhibits A, B, C, D & E).

118.   By assigning unwarranted interest and/or fees to the underlying account, none of which are correct pursuant to the account's contract, Defendants have confused Mr. Nguyen as to what amount of money he owes on this account.

119.   Defendants never state the amount of interest being applied to the account in any of their correspondences.

120.   A calculation of the time between the letters and the amounts demanded in the letters shows that Defendants did not increase the balance with any interest, despite their assertion that interest was accruing and would only stop accruing after he made an initial payment.

121.   Defendants falsely represented to Mr. Nguyen that interest would accrue on the account unless, and until, he made a payment.

122.   By asserting that the "Current Owner" is Midland Funding, LLC, but demanding payments be sent to Midland Credit Management, Defendants have confused the least sophisticated consumer as to what company he owes.

123.   By changing who is collecting the debt, Defendants have misled and confused Mr. Nguyen as to who he owes, if anyone, for his T-Mobile account.

124.   Mr. Nguyen disputed the debt and tried to explain his dispute to Defendant's representative, Mr. Collins, in their May 13, 2013 teleconference.

125.   In spite of Mr. Nguyen's dispute, Defendants have never provided any validation of the debt and Defendants continued to report the debt on Mr. Nguyen's credit reports.

126.   These collection efforts were all conducted for the purpose of collecting the debt, and therefore Defendants' representative's statements to Mr. Nguyen in the May 13, 2013 teleconference were in violation of 15 U.S.C. §1692g(b), which requires debt collectors to cease all collection efforts until the debt is validated once a dispute has been made.

127.   Defendants' collection tactics of calling Mr. Nguyen and continuing to report the debt to Mr. Nguyen's credit reports following receipt of the dispute letter from Mr. Nguyen's counsel

and before ever validating the debt, were also violations of the FDCPA as they are overshadowing of the disclosures required by 15 U.S.C. §1692g(a).

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: <u>FALSE OR MISLEADING REPRESENTATIONS</u>

128.   The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violation of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

129.   The actual amount of the alleged debt is certainly in question.  It is overly confusing as to what amount is owed on this account since Defendants assert that fees and interest vary from day to day and that they will stop the accruing interest only after payments commence, but the amount sought does not increase in the five months from September, 2012 to February, 2013.

130.   Mr. Nguyen never incurred the charges in the first place.  A cursory review of the account history by Defendants prior to commencing their collection efforts, or after they received the letter of dispute from Mr. Nguyen's representative in March, 2013, would have disclosed this fact.

131.   Defendants' Powertel/Memphis Customer Account Information report assert that the past due amount was only $161.30. (See Exhibit F).

132.   That report acknowledges that Defendants charged Mr. Nguyen "ONE TIME CHARGES [of] $200.00." (See Exhibit F).

133.   This one time charge of $200.00 is vaguely asserted to be either an early termination fee or a collection charge. (See Exhibit F).

134.    By demanding amounts that were never owed, Defendants have misled Mr. Nguyen as to what amount of money he owes on this account.

135.    Mr. Nguyen asserts that the demands made by Defendants before ever reviewing the underlying account records demonstrate that they have no knowledge of the correct amount owed, if any.

136.    Further, Defendants are attempting to keep him confused as to the amount owed so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

**FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES**

137.    The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

138.    The amounts sought by Defendants in their various communications include interest and/or various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were in direct violation of 15 U.S.C. § 1692f(1).

139.    The letters from Defendants assert that Mr. Nguyen owes a debt although he closed his account with a $0.00 balance, and thus a demand of any amount from Mr. Nguyen is not expressly authorized by the agreement creating the debt or permitted by law.

140.    The collection letters all demand "interest, late charges, and other charges that may vary from day to day." (See Exhibits A, B, C, D & E).

141.    Mr. Nguyen disputes that the original contract allowed the imposition of interest, fees or
        other charges that vary from day to day.

142.    The amounts sought by Defendants in their various communications include interest
        and/or various fees not expressly authorized by the agreement creating the debt or
        permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

143.    Defendants' Powertel/Memphis Customer Account Information report asserts that the
        past due amount was only $161.30. (See Exhibit F).

144.    That report acknowledges that Defendants charged Mr. Nguyen "ONE TIME CHARGES
        [of] $200.00." (See Exhibit F).

145.    This one time charge of $200.00 is vaguely asserted to be either an early termination fee
        or a collection charge. (See Exhibit F).

146.    Mr. Nguyen asserts that he complied with T-Mobile USA's policies and procedures in
        cancelling his account with a $0.00 balance prior to his deployment overseas for over
        eighteen months to serve his country.

147.    T-Mobile agreed he had a balance of $0.00.

148.    T-Mobile's standing policy asserted that any servicemember deployed overseas for more
        than eighteen months would not be charged an early termination fee so long as they
        cancelled their account prior to deployment.

149.    T-Mobile did not assess the $200.00 fee as an early termination fee, so it must be a
        collection fee assessed by Defendants.

150.    Defendants were never able to provide a copy of the contract, or any documentation
        whatsoever proving their ownership of the debt or the correct amount due, and thus Mr.

Nguyen asserts that Defendants' demands were never grounded in the facts of his account.

## FIFTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE UNAUTHORIZED CONTACT BY DEFENDANT OF THIRD PARTIES

151.   The acts of Defendant constitute multiple violations of the FDCPA.   Violations by Defendant of the FDCPA include, but are not limited to, the following:  Communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc.

152.   Defendant attempted to contact various third parties on several occasions in an attempt to collect the debt.

153.   The calls were made to Mr. Nguyen's brother, his ex-girlfriend, occupants of his previous residence, and four other unknown individuals.  None of these people are a party to the underlying account.

154.   None of these people's telephone numbers were listed on the original contract.

155.   Defendants spoke with Mr. Nguyen's mother, Therese Luong, on at least two occasions in late September, 2012 and/or early October, 2012.

156.   Ms. Luong was living with Mr. Nguyen's brother at the time, and she received the call at his residence.

157.   In her first telephonic discussion with Defendants Ms. Luong explained that her son, Mr. Nguyen, was overseas.

158.   In spite of Ms. Luong's statements that Mr. Nguyen was overseas, they continued to call her numerous more times.

159.   Defendants called Mr. Nguyen's brother's home at least twenty-four different times from

September 30, 2012 to October 9, 2012.

160. Defendants kept calling, so Ms. Luong spoke with Defendants a second time in late September, 2012 and/or early October, 2012.

161. In the second communication with Defendants, Ms. Luong reiterated that she was not Dat Nguyen and that he was overseas.

162. In these communications Defendants explained that they were debt collectors and therefore disclosed to third parties that Mr. Nguyen owed a debt.

163. This disclosure caused and continues to cause Mr. Nguyen severe emotional distress, embarrassment and shame.

164. Defendants communicated with a third party when attempting to collect a debt from Mr. Nguyen.

165. The FDCPA forbids a debt collector from communicating with any third parties except under the limited circumstances not present here.

**COUNT TWO: VIOLATIONS OF THE HAWAI'I REVISED STATUTES, UNFAIR OR DECEPTIVE ACTS OR PRACTICES**

**FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: FAILURE TO PROVIDE REQUISITE DISCLOSURES IN ITS SUBSEQUENT ATTEMPTS TO COLLECT A DEBT**

166. The acts of Defendants constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, the following: A debt collector must disclose in each and every subsequent communication that the communication is from a debt collector. If said disclosure is not made, such conduct is a violation of Haw. Rev. Stat. § 443B-18(2)(B).

167. Defendants' representative spoke with Mr. Nguyen on May 13, 2013. In this communication with Defendants, Defendants' representative failed to disclose it was a debt collector.

24

168.   Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the Hawai'i Revised Statutes failed to provide the required disclosures.

169.   Mr. Nguyen has sustained actual damages as a result of Defendants' conduct.

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

170.   The acts of Defendants constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding.  Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

171.   The underlying debt is disputed.

172.   The letters from Defendants demand amounts from Mr. Nguyen that were never owed and he asserts they have demanded interest and/or fees that were never due.

173.   By asserting interest was accruing but never actually increasing the balance, Defendants have made a false representation or implication of the character, extent, or amount of money Mr. Nguyen owes on this account.

174.   By assigning illegitimate fees and/or interest to the account, none of which were owed pursuant to the underlying contract, Defendants have made a false representation or implication of the character, extent, or amount of money Mr. Nguyen owes.

175.   Defendants' collection letters all demand "interest, late charges, and other charges that may vary from day to day." (See Exhibits A, B, C, D, & E).

176.   By asserting that the "Current Owner" is Defendant Midland Funding, but demanding payments be sent to Defendant Midland Credit, Defendants have made a false representation or implication as to the character of the debt Mr. Nguyen owes.

177. By attempting to collect unknown and unauthorized amounts through false and deceptive communications, Defendants have deceived and/or misled Mr. Nguyen as to what amount of money he owes on this account.

178. Mr. Nguyen has sustained actual damages as a result of this conduct.

### THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

179. Any representation that an existing obligation of the debtor or alleged debtor may be increased by the addition of attorney's fees, investigation fees, service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the existing obligations is a violation of Haw. Rev. Stat. § 443B-18(8).

180. Upon information and belief, Mr. Nguyen asserts that Defendants did not have authority to impose additional fees on the originating account.

181. Defendants are attempting to collect $161.30 from Mr. Nguyen in spite of his cancelling the underlying account with a balance of $0.00.

182. Defendants charged Mr. Nguyen a $200.00 collection fee.

183. By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

184. Defendants' collection of additional fees are collection attempts for amounts not expressly authorized by the agreement.

185. Mr. Nguyen has sustained actual damages as a result of this conduct.

### FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

186. The acts of Defendants constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or

incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law.  Such conduct violates Haw. Rev. Stat. § 443B-19(2).

187.   Mr. Nguyen asserts that Defendants did not have authority to impose additional fees on the originating account.

188.   In spite of Defendants' lack of authority, they charged collection fees of $200.00 to Mr. Nguyen's account.

189.   By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

190.   Defendants' collection of additional fees are collection attempts for amounts not expressly authorized by the agreement.

191.   Mr. Nguyen asserts that his original contract did not allow for the imposition of interest, fees, or charges that cause his account balance to vary from day to day.

192.   The letters from Defendants demand amounts from Mr. Nguyen that he never owed.

193.   As a result of Defendants' actions, Mr. Nguyen is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

194.   Mr. Nguyen has sustained actual damages as a result of this conduct.

### *COUNT THREE:  INTRUSIONS UPON PLAINTIFF'S SECLUSION AND VIOLATIONS OF HIS RIGHT TO PRIVACY*

195.   Defendants violated Mr. Nguyen's right to privacy and committed an intrusion upon his seclusion when they called his ex-girlfriend, mother, and at least four total strangers to collect a debt from him.

196.   Defendants never obtained consent to call said numbers.

197.   Defendants also violated Mr. Nguyen's right to privacy and committed an intrusion upon his seclusion when they repeatedly called his brother's house to collect a debt after they were told that Mr. Nguyen was overseas.

*Summary*

198.   The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA and Hawai'i Revised Statutes including, but not limited to, the above-cited provisions.

**TRIAL BY JURY**

199.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants and in favor of the Plaintiff as follows:

a)   Declaratory judgment that Defendants violated Mr. Nguyen's rights under the Fair Debt Collection Practices Act;

b)   Declaratory judgment that Defendants violated Mr. Nguyen's rights under the Hawai'i Revised Statutes;

c)   That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

d)   That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

e)   That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

f)      That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat.  §  480-13

in an amount to be determined by a jury at trial;

g)      That Plaintiff be awarded treble damages pursuant to Haw. Rev. Stat. § 480-13.

h)      That Plaintiff be awarded statutory damages of not less than $1,000.00 pursuant to

Haw. Rev. Stat. § 480-13 in the event that the jury finds that treble damages are

less than $1,000.00;

i)      That Plaintiff be awarded the costs of litigation including a reasonable attorney

fee pursuant to Haw. Rev. Stat. § 480-13;

j)      That the Court declare all defenses raised by Defendants to be insufficient; and

k)      Such other and further relief, including injunctive relief as may be necessary to

effectuate the Court's judgment, or as the Court otherwise deems just and

equitable.

Respectfully submitted this the 14th day of April, 2014.

*s/Justin A. Brackett*____
Justin A. Brackett (#9954)
Richard L. Holcomb (#9177)
Holcomb Law, LLLC
Attorneys for Plaintiff
1136 Union Mall, Suite 808
Honolulu, TN 96813
(808) 545-4040
